IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERT JAMES SICURO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 23-1290 ) |
| MARTIN O'MALLEY,[1] *Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) ) |

O R D E R

AND NOW, this 17th day of September, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and his claim for supplemental security income ("SSI") under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely

---

[1] Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]     Plaintiff argues that the Administrative Law Judge ("ALJ") erred in finding the medical opinions of the state agency consultants to be more persuasive than that of the consultative examiner and, in any event, by failing to incorporate certain limitations to which the state agency consultants opined in formulating Plaintiff's residual functional capacity ("RFC"). The Court finds no merit to these arguments and finds instead that the ALJ's findings are supported by substantial evidence.

Plaintiff first argues that the ALJ erred in finding the opinions of the state agency consultants, Melissa Lynn Franks, Psy.D. (R. 90-93, 107-110), and Dawn Marie Long, Psy.D. (R. 130-34, 152-56), to be more persuasive than that of consultative examiner Stacey Golman, Psy.D. (R. 774-85). However, Plaintiff's argument is incorrect both factually and legally. Plaintiff asserts that the ALJ failed to address the fact that both state agency consultants found Dr. Golman's opinion to be consistent with the record yet declined, without explanation, to incorporate the marked limitations to which she had opined. However, neither actually stated unequivocally that the consultative examiner's opinion was consistent with the record. Dr. Franks merely indicated that the consistency of Dr. Golman's opinion with the record had been considered, without assessing a specific level of consistency. (R. 92, 109). Dr. Long expressly stated that Dr. Golman's opinion was only partially consistent with the record and that her own assessment reflects only "certain aspects" of that opinion. (R. 134, 156). Plaintiff is incorrect, then, that the ALJ somehow was required to discuss this "flaw" in the state agency consultants' opinions.

He is also wrong to the extent that he implies that the fact that Dr. Golman examined him, while the state agency consultants did not, required the ALJ to find Dr. Golman's opinion to be more persuasive. For cases such as this one, filed on or after March 27, 2017, the amended regulations set forth at 20 C.F.R. §§ 404.1520c and 416.920c apply to an ALJ's consideration of medical opinion evidence, and these regulations emphasize that "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). *See also* §§ 404.1520c(b)(2) and (c), 416.920c(b)(2) and (c). The ALJ here properly focused on these factors in evaluating the opinion evidence. (R. 26-27). Plaintiff suggests, though, that he should have further discussed the examining relationship between himself and Dr. Golman. (Doc. No. 10, p. 12). However, while the existence of an examining relationship is a valid factor, it is ***not*** one that an ALJ is required to expressly discuss in his or her decision. *See* §§ 404.1520c(b)(2), (c)(3)(v), 416.920c(b)(2), (c)(3)(v). Regardless, Plaintiff's contentions notwithstanding, the ALJ did, in fact, consider and discuss the fact that Dr. Golman had examined Plaintiff and discussed her findings from that examination at some length. (R. 27).

As noted, Plaintiff further argues that, in any event, the ALJ failed to incorporate all of the limitations to which the state agency consultants opined despite finding their opinions to be persuasive. The Court notes as a general matter that an ALJ is not required to adopt and include

---

in the RFC every finding made by a medical source he or she found to be persuasive.  *See Wilkinson v. Commissioner Social Sec.*, 558 Fed. Appx. 254, 256 (3d Cir. 2014).  Here, Plaintiff alleges that the RFC failed to reflect the moderate limitations the state agency consultants found him to have in a number of areas involving attention, concentration, pace, attendance, work changes, and working with or in proximity to others.  However, while not copied verbatim from Dr. Franks' and Dr. Long's opinions, the restrictions contained in the RFC certainly reflect the findings in those opinions.  The ALJ not only limited Plaintiff to simple instructions and work-related decisions and limited interaction with others, but also to no production rate work or work requiring hourly quotas and to only occasional changes in the work setting.  (R. 22).

As the Third Circuit has explained, "no incantations are required at steps four and five" to account for a claimant's moderate limitations so long as the RFC fairly reflects such findings.  *See Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 209 (3d Cir. 2019).  The RFC here does so.  In fact, the only "omission" cited by Plaintiff is that the RFC did not include any limitations regarding off-task time to account for his moderate limitations in his ability to maintain attention and concentration, to perform within a schedule, to maintain attendance and punctuality, and to work in coordination or proximity to others without distractions.  (Doc. No. 10, p. 14).  However, neither of the state reviewing agents opined that Plaintiff would be off-task any specific amount of time, nor did D. Golman.  What Plaintiff is really arguing, therefore, is that *he* believes that his moderate limitations called for this additional restriction in the RFC, not that any of the medical opinions held so.

This raises the central issue that, for the most part, Plaintiff's argument constitutes a request for the Court to reconsider the evidence and make a different finding.  However, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently.  *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705).  Moreover, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009).  To the extent the Court is being asked to come to its own conclusion based on the evidence, therefore, it declines to do so.  Indeed, in formulating Plaintiff's RFC, the ALJ thoroughly discussed not only the medical opinion evidence, but also the objective medical evidence, including Plaintiff's mental status examinations, Plaintiff's inconsistent treatment history, his improvement with treatment and medication when he was compliant, and his activities of daily living.

Accordingly, the Court finds that the ALJ applied the correct legal standards and that substantial evidence supports his decision.  It will therefore affirm.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 14) is GRANTED.

<u>s/Alan N. Bloch</u>
United States District Judge

ecf:      Counsel of record